IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

D'ANDRE WILLIAMS                                                                                        PLAINTIFF

V.                                                                      CIVIL ACTION NO. 4:22-cv-022-NBB-JMV

CITY OF GREENVILLE, MISSISSIPPI                                                                DEFENDANT

## ORDER DISMISSING CASE

This cause comes before the court upon the defendant's motion to dismiss for lack of prosecution. Upon due consideration of the motion, the court finds that it is well taken and should be granted.

On September 29, 2021, the plaintiff, D'Andre Williams, filed this wrongful termination action against his former employer, the City of Greenville, Mississippi, in the Circuit Court of Washington County, Mississippi. The defendant subsequently removed the case to this court.

The plaintiff was initially represented by counsel in this action, but the magistrate judge assigned to this case granted counsel's motion to withdraw as plaintiff's attorneys on September 21, 2022. The court's order allowed the plaintiff sixty days to retain new counsel or to inform the court in writing of his intent to proceed *pro se*.

The plaintiff never complied with the court's order and has taken no steps whatsoever to prosecute this case since entry of the order. The time period provided by the order has long passed. Further, mail sent by the court to the plaintiff's address of record has been returned as undeliverable, indicating that the plaintiff has relocated and failed to apprise the court of his current address.

The defendant moved to dismiss for lack of prosecution on December 5, 2022, and the plaintiff filed no response to the motion. Federal Rule of Civil Procedure 41(b) provides, "If the

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court also has the inherent authority to dismiss an action *sua sponte* for lack of prosecution. *Link v. Wabash R.R.* 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court finds that the defendant's motion is well taken and should be granted.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss for lack of prosecution is **GRANTED**, and this case is dismissed without prejudice.

This 11th day of April, 2023.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT COURT